**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MICHAEL SHWARTZ**                                                                             **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 4:16-CV-115-MPM-JMV**

**HICHAM KHODR**                                                            **DEFENDANT**

**ORDER TO SHOW CAUSE**

This matter is before the court, *sua sponte*, to dismiss this cause of action for lack of federal jurisdiction as explained hereafter.[1] Such dismissal may be avoided by an amendment of the pleadings within seven (7) days of this order, asserting an appropriate basis for federal court jurisdiction.

Plaintiff seeks to assert jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332; however, such attempt is inadequate because the complaint does not adequately identify the citizenship of the parties. "The party asserting diversity jurisdiction must 'distinctly and affirmatively allege[ ]' the citizenship of the parties." *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F.Supp.2d 805, 807 (W.D. Tex. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

The complaint refers to the Defendant, Hicham Khodr, as "an adult resident of Metairie, Louisiana who may be served with process at 104 Metairie Heights, Metairie, Louisiana 70001." Such allegations are insufficient.

Pursuant to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil action where the matter in controversy . . . is between (1) citizens of different States."

---

[1] Although Defendant has not argued a failure in this respect, the court must make an independent inquiry into its jurisdiction. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

Further, "State citizenship for purposes of diversity jurisdiction, 28 U.S.C. § 1332, is dependent upon two elements: 1) United States citizenship; 2) domicile in the state." *Brown v. Keene*, 8 Pet. 112, 8 L.Ed. 885 (U.S. 1834). "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974), see *Wolfe v. Hartford Life & Annuity Ins. Co.*, 148 U.S. 389, 13 S.Ct. 602, 37 L.Ed 493 (1893).

Thus, it does not appear on the face of the complaint that this court has subject matter jurisdiction. As noted, this defect may be corrected by the filing, within seven (7) days of this order, of an amended pleading asserting the citizenship of the parties and establishing complete diversity. Failure to do so will result in the court dismissing the complaint for lack of subject matter jurisdiction.

**SO ORDERED** this, the 9th day of June, 2016.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**